UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

_____

INVACARE CORPORATION,                     )
                                          )
                                          )   Case No. 1:09-cv-01677
        Plaintiff/Counterclaim Defendant, )
                                          )   JUDGE SOLOMON OLIVER, JR.
        v.                                )
                                          )
MEDICAL DEPOT, INC., d/b/a DRIVE          )
MEDICAL DESIGN AND MANUFACTURING,         )
                                          )
        Defendant/Counterclaim Plaintiff. )
                                          )
                                          )
_____

## ANSWER AND COUNTERCLAIM OF DEFENDANT
## AND DEFENDANT'S DEMAND FOR JURY TRIAL

Defendant Medical Depot, Inc., d/b/a Drive Medical Design and Manufacturing ("Drive Medical"), by its undersigned attorneys, for its answer to the claims asserted in Plaintiff's Complaint and for its counterclaim against Plaintiff/Counterclaim Defendant Invacare Corporation ("Invacare"), states as follows:

## FIRST DEFENSE

1.      Drive Medical denies the allegations of infringement of Invacare patents and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint.

2.      Drive Medical admits upon information and belief that Invacare is an Ohio corporation having a principal place of business in Ohio and denies having knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2 of the Complaint.

3.      Drive Medical admits the allegations of paragraph 3 of the Complaint.

4.      Drive Medical denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint.

5.      Drive Medical admits that Invacare alleges that this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), and 35 U.S.C. §§ 271 and 281.

6.      Drive Medical denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint.

7.      Drive Medical admits that it regularly solicits and conducts business in the Northern District of Ohio, and distributes products and is associated with dealers in the Northern District of Ohio, and otherwise denies the allegations of paragraph 7 of the Complaint.

8.      Drive Medical admits that Invacare alleges that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

9.      Drive Medical admits the allegations of paragraph 9 of the Complaint.

10.     A response is not required from Drive Medical as to the statement contained in paragraph 10 of the Complaint.

11.     Drive Medical denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint.

12.     Drive Medical denies the allegations of paragraph 12 of the Complaint.

13.     Drive Medical denies the allegations of paragraph 13 of the Complaint.

14.     Drive Medical denies the allegations of paragraph 14 of the Complaint.

15.     Drive Medical denies the allegations of paragraph 15 of the Complaint.

16.    Drive Medical denies the allegations of paragraph 16 of the Complaint.

17.    Drive Medical denies the allegations of paragraph 17 of the Complaint.

18.    Drive Medical denies the allegations of paragraph 18 of the Complaint.

19.    Drive Medical denies the allegations of paragraph 19 of the Complaint.

20.    A response is not required from Drive Medical as to the statement contained in paragraph 20 of the Complaint.

21.    Drive Medical denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint.

22.    Drive Medical denies the allegations of paragraph 22 of the Complaint.

23.    Drive Medical denies the allegations of paragraph 23 of the Complaint.

24.    Drive Medical denies the allegations of paragraph 24 of the Complaint.

25.    Drive Medical denies the allegations of paragraph 25 of the Complaint.

26.    Drive Medical denies the allegations of paragraph 26 of the Complaint.

27.    Drive Medical denies the allegations of paragraph 27 of the Complaint.

28.    Drive Medical denies the allegations of paragraph 28 of the Complaint.

29.    Drive Medical denies the allegations of paragraph 29 of the Complaint.

30.    A response is not required from Drive Medical as to the statement contained in paragraph 30 of the Complaint.

31.    Drive Medical denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint.

32.    Drive Medical denies the allegations of paragraph 32 of the Complaint.

33.    Drive Medical denies the allegations of paragraph 33 of the Complaint.

34.    Drive Medical denies the allegations of paragraph 34 of the Complaint.

35.     Drive Medical denies the allegations of paragraph 35 of the Complaint.

36.     Drive Medical denies the allegations of paragraph 36 of the Complaint.

37.     Drive Medical denies the allegations of paragraph 37 of the Complaint.

38.     Drive Medical denies the allegations of paragraph 38 of the Complaint.

39.     A response is not required from Drive Medical as to the statement contained in paragraph 39 of the Complaint.

40.     Drive Medical denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Complaint.

41.     Drive Medical denies the allegations of paragraph 41 of the Complaint.

42.     Drive Medical denies the allegations of paragraph 42 of the Complaint.

43.     Drive Medical denies the allegations of paragraph 43 of the Complaint.

44.     Drive Medical denies the allegations of paragraph 44 of the Complaint.

45.     Drive Medical denies the allegations of paragraph 45 of the Complaint.

46.     Drive Medical denies the allegations of paragraph 46 of the Complaint.

47.     A response is not required from Drive Medical as to the statement contained in paragraph 47 of the Complaint.

48.     Drive Medical denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 of the Complaint.

49.     Drive Medical denies the allegations of paragraph 49 of the Complaint.

50.     Drive Medical denies the allegations of paragraph 50 of the Complaint.

51.     Drive Medical denies the allegations of paragraph 51 of the Complaint.

52.     Drive Medical denies the allegations of paragraph 52 of the Complaint.

53.     Drive Medical denies the allegations of paragraph 53 of the Complaint.

54.     Drive Medical denies the allegations of paragraph 54 of the Complaint.

55.     Drive Medical denies the allegations of paragraph 55 of the Complaint.

56.     Drive Medical denies the allegations of paragraph 56 of the Complaint.

57.     Drive Medical denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 of the Complaint.

58.     Drive Medical denies the allegations of paragraph 58 of the Complaint.

59.     Drive Medical denies the allegations of paragraph 59 of the Complaint.

60.     Drive Medical denies the allegations of paragraph 60 of the Complaint.

61.     Drive Medical denies the allegations of paragraph 61 of the Complaint.

62.     Drive Medical denies the allegations of paragraph 62 of the Complaint.

63.     Drive Medical denies the allegations of paragraph 63 of the Complaint.

64.     Drive Medical denies the allegations of paragraph 64 of the Complaint.

65.     Drive Medical denies that Invacare is entitled to any of the relief requested in the Complaint.

66.     Except to the extent expressly admitted herein, Drive Medical denies each and every allegation, matter, statement, and thing contained in the Complaint.

## SECOND DEFENSE

67.     The '495 patent is invalid, void and/or unenforceable for failure to comply with the requirements of Title 35 of the United States Code, including without limitation, sections 101, 102, 103, and 112.

## THIRD DEFENSE

68.     The '082 patent is invalid, void and/or unenforceable for failure to comply with the requirements of Title 35 of the United States Code, including without limitation, sections 101, 102, 103, and 112.

## FOURTH DEFENSE

69.     The '716 patent is invalid, void and/or unenforceable for failure to comply with the requirements of Title 35 of the United States Code, including without limitation, sections 101, 102, 103, and 112.

## FIFTH DEFENSE

70.     The '289 patent is invalid, void and/or unenforceable for failure to comply with the requirements of Title 35 of the United States Code, including without limitation, sections 101, 102, 103, and 112.

## SIXTH DEFENSE

71.     The '637 patent is invalid, void and/or unenforceable for failure to comply with the requirements of Title 35 of the United States Code, including without limitation, sections 101, 102, 103, and 112.

## SEVENTH DEFENSE

72.     The '995 patent is invalid, void and/or unenforceable for failure to comply with the requirements of Title 35 of the United States Code, including without limitation, sections 101, 102, 103, and 112.

## EIGHTH DEFENSE

73.     Defendant has not directly infringed any claim of the '495 patent, either literally or under the doctrine of equivalents.

## NINTH DEFENSE

74.     Defendant has not directly infringed any claim of the '082 patent, either literally or under the doctrine of equivalents.

## TENTH DEFENSE

75.     Defendant has not directly infringed any claim of the '716 patent, either literally or under the doctrine of equivalents.

## ELEVENTH DEFENSE

76.     Defendant has not directly infringed any claim of the '289 patent, either literally or under the doctrine of equivalents.

## TWELFTH DEFENSE

77.     Defendant has not directly infringed any claim of the '637 patent, either literally or under the doctrine of equivalents.

## THIRTEENTH DEFENSE

78.     Defendant has not directly infringed any claim of the '995 patent, either literally or under the doctrine of equivalents.

## FOURTEENTH DEFENSE

79.     Defendant has not contributorily infringed or induced infringement of any claim of the '495 patent.

## FIFTEENTH DEFENSE

80.     Defendant has not contributorily infringed or induced infringement of any claim of the '082 patent.

## SIXTEENTH DEFENSE

81.     Defendant has not contributorily infringed or induced infringement of any claim of the '716 patent.

## SEVENTEENTH DEFENSE

82.     Defendant has not contributorily infringed or induced infringement of any claim of the '289 patent.

## EIGHTEENTH DEFENSE

83.     Defendant has not contributorily infringed or induced infringement of any claim of the '637 patent.

## NINETEENTH DEFENSE

84.     Defendant has not contributorily infringed or induced infringement of any claim of the '995 patent.

## TWENTIETH DEFENSE

85.     Plaintiff is estopped from asserting that the Defendant has infringed the claims of the '495 patent due to the amendments of claims and arguments and other statements made during the prosecution by or on behalf of the patentee in proceedings before the United States Patent and Trademark Office.

## TWENTY-FIRST DEFENSE

86.     Plaintiff is estopped from asserting that the Defendant has infringed the claims of the '082 patent due to the amendments of claims and arguments and other statements made during the prosecution by or on behalf of the patentee in proceedings before the United States Patent and Trademark Office.

### TWENTY-SECOND DEFENSE

87.     Plaintiff is estopped from asserting that the Defendant has infringed the claims of the '716 patent due to the amendments of claims and arguments and other statements made during the prosecution by or on behalf of the patentee in proceedings before the United States Patent and Trademark Office.

### TWENTY-THIRD DEFENSE

88.     Plaintiff is estopped from asserting that the Defendant has infringed the claims of the '289 patent due to the amendments of claims and arguments and other statements made during the prosecution by or on behalf of the patentee in proceedings before the United States Patent and Trademark Office.

### TWENTY-FOURTH DEFENSE

89.     Plaintiff is estopped from asserting that the Defendant has infringed the claims of the '637 patent due to the amendments of claims and arguments and other statements made during the prosecution by or on behalf of the patentee in proceedings before the United States Patent and Trademark Office.

### TWENTY-FIFTH DEFENSE

90.     Plaintiff is estopped from asserting that the Defendant has infringed the claims of the '995 patent due to the amendments of claims and arguments and other statements made during the prosecution by or on behalf of the patentee in proceedings before the United States Patent and Trademark Office.

## TWENTY-SIXTH DEFENSE

91.     Upon information and belief, the Plaintiff is barred, in whole or in part, from recovery for the alleged infringement by the Defendant by reason of Plaintiff's failure to comply with the requirements of 35 U.S.C. § 287.

## COUNTERCLAIM

As and for its counterclaim against Invacare, Drive Medical alleges as follows:

92.     Upon information and belief, Invacare is a corporation organized and existing under the laws of the State of Ohio, having a place of business at One Invacare Way, Elyria, Ohio 44035.

93.     Drive Medical is a corporation organized and existing under the laws of the State of Delaware, having its principal places of business at 99 Seaview Boulevard, Port Washington, New York 11050.

94.     This counterclaim arises under the Declaratory Judgment Act and the Patent Laws of the United States, more particularly under Title 28 U.S.C. §§ 2201 and 2202 and Title 35 U.S.C. §§ 100 et. seq., respectively.  This Court has jurisdiction under Title 28 U.S.C. §§ 1338 and 2201.

95.     An actual and justiciable controversy exists between Drive Medical and Invacare as to the infringement and validity of the '495, '082, '716, '289, '637, and '995 patents, as evidenced, inter alia, by the Complaint and Answer in this action.

96.     On information and belief, (1) United States Patent No. 6,983,495, entitled "Adjustable Height Bed" and issued on January 10, 2006; (2) United States Patent No. 6,997,082, entitled "Adjustable Bed" and issued on February 14, 2006; (3) United States Patent No. 7,302,716, entitled "Adjustable Bed" and issued on December 4, 2007; (4) United States

Patent No. 7,441,289, entitled "Slip Nut Assembly for Adjustable Height Bed" and issued on

October 28, 2008; (5) United States Patent No. 7,040,637, entitled "Inwardly Folding Rollator

with an Upwardly Pivotable Seat" and issued on May 9, 2006; and (6) United States Design

Patent No. D 480,995, entitled "Seat for an Ambulatory Device" and issued on October 21, 2003

are invalid, void and/or unenforceable for failure to comply with the requirements of Title 35 of

the United States Code, including without limitation, sections 101, 102, 103, and 112.

97.     Drive Medical has not directly infringed any claim of the '495 patent, '082 patent,

'716 patent, '289 patent, '637 patent, or the '995 patent, either literally or under the doctrine of

equivalents.

98.     Drive Medical has not contributorily infringed or induced infringement of any

claim of the '495 patent, '082 patent, '716 patent, '289 patent, '637 patent, or the '995 patents.

99.     On information and belief, Invacare is estopped from asserting that Drive Medical

has infringed the claims of the '495 patent due to the amendments of claims and arguments and

other statements made during the prosecution by or on behalf of the patentee in proceedings

before the United States Patent and Trademark Office.

100.    On information and belief, Invacare is estopped from asserting that Drive Medical

has infringed the claims of the '082 patent due to the amendments of claims and arguments and

other statements made during the prosecution by or on behalf of the patentee in proceedings

before the United States Patent and Trademark Office.

101.    On information and belief, Invacare is estopped from asserting that Drive Medical

has infringed the claims of the '716 patent due to the amendments of claims and arguments and

other statements made during the prosecution by or on behalf of the patentee in proceedings

before the United States Patent and Trademark Office.

102.     On information and belief, Invacare is estopped from asserting that Drive Medical has infringed the claims of the '289 patent due to the amendments of claims and arguments and other statements made during the prosecution by or on behalf of the patentee in proceedings before the United States Patent and Trademark Office.

103.     On information and belief, Invacare is estopped from asserting that Drive Medical has infringed the claims of the '637 patent due to the amendments of claims and arguments and other statements made during the prosecution by or on behalf of the patentee in proceedings before the United States Patent and Trademark Office.

104.     On information and belief, Invacare is estopped from asserting that Drive Medical has infringed the claims of the '995 patent due to the amendments of claims and arguments and other statements made during the prosecution by or on behalf of the patentee in proceedings before the United States Patent and Trademark Office.

105.     Upon information and belief, Invacare is barred, in whole or in part, from recovery for the alleged infringement by Drive Medical by reason of Invacare's failure to comply with the requirements of 35 U.S.C. § 287.

WHEREFORE, Drive Medical prays for an adjudication against Invacare as follows:

A.     That Invacare's Complaint be dismissed with prejudice;

B.     That Invacare and all parties in active concert therewith be enjoined from asserting the '495 patent, '082 patent, '716 patent, '289 patent, '637 patent, or the '995 patents against Drive Medical;

C.     That the claims of the '495 patent, '082 patent, '716 patent, '289 patent, '637 patent, or the '995 patents be declared invalid;

D.      That the claims of the '495 patent, '082 patent, '716 patent, '289 patent, '637 patent, or the '995 patents be declared unenforceable;

E.      That the claims of the '495 patent, '082 patent, '716 patent, '289 patent, '637 patent, or the '995 patents be declared not infringed by Drive Medical;

F.      That this case be declared exceptional under 35 U.S.C. § 285, and that Drive Medical be awarded its reasonable attorney fees and expenses of litigation against Invacare;

G.      That Drive Medical be awarded costs of this suit; and

H.      That Drive Medical be awarded such other and further relief as this Court shall deem just and proper.

## JURY DEMAND

Counterclaim Plaintiff Drive Medical hereby respectfully requests trial by jury on all issues triable to a jury.

Respectfully submitted:

/s/ Martha S. Sullivan
Martha S. Sullivan (00064040)
msullivan@ssd.com
SQUIRE, SANDERS & DEMPSEY L.L.P.
4900 Key Tower
127 Public Square
Cleveland, OH  44114-1304
(216) 479-8500
(216) 479-8780 (facsimile)

Of Counsel:

*Attorneys for Defendant Medical Depot, Inc. d/b/a Drive Medical Design and Manufacturing*

Jeffrey I.D. Lewis
Scott B. Howard
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York  10036-6710
(212) 336-2000
(212) 336-2222 (facsimile)

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Answer and Counterclaim of Defendant and

Defendant's Demand for Jury Trial was filed electronically this 14th day of September 2009.

Notice of this filing will be sent to Plaintiff by operation of the Court's electronic filing system.

The parties may access this filing through the Court's system.


/s/ Martha S. Sullivan